# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARY E. GILLEY,             )
                                   )
                Petitioner,    )
                                   )
          v.          )     1:13CV187
                                   )
STATE OF N.C.,          )
                                   )
               Respondent.  )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a Letter which states that it is related to case 1:12CV1386, a prior case filed by Petitioner in this Court. However, that case is now closed. Further, Petitioner asks the Court to take several actions. The first is to order the Clerk to provide Petitioner with a current habeas application. There is no need for Petitioner to ask the Court to order this. If he wishes to receive forms, he can simply request them directly from the Clerk. Nevertheless, the Court will have the Clerk send Petitioner a current form. Petitioner also asks for "authorization" from the Court to seek a Writ of Error Coram Nobis under 18 U.S.C. § 1651. Absent some prohibition, and the Court is aware of none, no such authorization is needed. Parties can generally file whatever action they believe to be appropriate.[1] Petitioner also seeks to submit his "formal complaint"

---

[1] Although there is nothing to stop Petitioner from filing whatever action he chooses, he should also be aware that this does not mean that the action will succeed or even that it will be allowed to proceed beyond screening. Specifically, the Court notes that writs of error coram nobis are not typically available for persons still in custody on the conviction being challenged. United States v. Smith, No. 03-6975, 2003 WL 22301093 (4th Cir. Oct. 8, 2003) (No. (continued...)

thirty days from date of the Court's next response to him. Again, Petitioner can file at any time. He does not need permission, authorization, or a set deadline from the Court. However, to the extent that he may be seeking to have the Court authorize any filing as timely under the applicable statute of limitations, the Court has no authority to toll the statute of limitations. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). Therefore it continues to run, and Petitioner should act quickly if he wishes to pursue this Petition. If any statute of limitations issues currently exist, the parties can litigate those following any filing by Petitioner.

Finally, Petitioner states that his sentence is invalid based on changes in the law that occurred after his sentencing in 1974. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it appears that Petitioner seeks to attack his state court criminal conviction. The proper avenue for such an attack is ordinarily a petition for habeas corpus. For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

---

[1](...continued)
03-6975); United States v. Garcia, 181 F.3d 1274 (11th Cir. 1999). Further, this Court has no power to issue writs of error coram nobis regarding state court judgments. Lowery v. McCaughtry, 954 F.2d 422 (7th Cir.1992); Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir.1982).

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[2]  To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow if he wishes to file under § 2254.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition

---

[2] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b).  However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits.  Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition.  28 U.S.C. § 2244(b).  That permission is granted only in very narrow circumstances.  Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003).  If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided.  Petitioner may also choose not to submit a petition.  Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence.  He should not use the § 2254 forms in that instance.

which corrects the defects of the current Petition.  The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 11th day of March, 2013.

_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**